IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUTH RICHTER,<br><br>               Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>               Defendant. | 8:14CV71<br><br>FINDINGS AND<br>RECOMMENDATION |

      This matter is before the court on three motions. The plaintiff, Ruth Richter, who is proceeding *pro se*, filed a Motion to Strike Defendant's Notice of Filing Notice of Removal Document (Filing No. 10) and a Motion to Remand (Filing No. 11). The defendant, United States Postal Service (USPS), filed a Motion to Dismiss (Filing No. 7).

## BACKGROUND

      In 2011, the plaintiff used the defendant to send a service of process on Flybe in Great Britain. **See** Filing No. 12 - Response ¶ 5. The plaintiff alleges the defendant said she could receive a copy of the Flybe signature of receipt to satisfy the process service requirements for her then pending lawsuit against Flybe. *Id.* ¶ 4. The plaintiff attempted to obtain a signature card but was unable to do so, and her Flybe lawsuit was allegedly dismissed for failure to serve process. *Id.* ¶ 9.

      On February 1, 2012, the plaintiff filed a lawsuit against the defendant for damages of $55.95, the price to mail the Flybe service of process and the filing fee for the Flybe lawsuit, in Douglas County, Nebraska's Small Claims Court. **See** *Richter v. United States Postal Service*, No. 8:12CV82 (D. Neb. June 18, 2012) (Richter I) - Filing No. 1-1. After removal to this court, the lawsuit was dismissed for lack of subject matter jurisdiction because "the United States enjoys sovereign immunity for negligent transmission of postal matters, including the failure to deliver the postal matter at all. Further, there is nothing before the court showing that the United States has waived this grant of sovereign immunity." *Richter I* - Filing No. 23 - Memorandum and Order p. 5. Moreover, this court found the plaintiff's claims, in absence of sovereign immunity,

would have failed because she did not exhaust the administrative remedies required to bring suit under the Federal Tort Claims Act (FTCA).  *Id.* at 5-6.

Following the dismissal of *Richter I*, the defendant's employee Vanessa Williams mailed notice to the plaintiff that no record of a properly initiated inquiry existed but granted a one-time fifteen day extension to the filing deadline to submit a proper inquiry. **See *Richter v. United States Postal Service***, No. 8:12CV428 (D. Neb. June 12, 2013) (Richter II) - Filing No. 31-2.  The plaintiff refused to file the inquiry because she insisted an inquiry had already occurred.  *Richter II* - Filing No. 31-3.

On November 27, 2012, the plaintiff again filed suit against the defendant in Douglas County, Nebraska's Small Claims Court.  *Richter II* - Filing No. 1-1.  The plaintiff alleged the lawsuit was a continuation of her $55.95 claim from *Richter I* but included an additional $3,444.05 in damages for the defendant's acts of retaliation against her for suing the defendant.  *Richter II* - Filing No. 9; Filing No. 12 - Response ¶ 14.  After proper removal by the defendant, the plaintiff sought to prove she had initiated an inquiry into the Flybe signature card from October 26, 2011, until January 9, 2012, to satisfy the exhaustion of administrative remedies.  *Id.* at ¶ 10.  The defendant offered Vanessa Williams' declaration stating the defendant had no record of an inquiry being initiated.  **See *Richter II*** - Filing No. 31-1, 2.  Thereafter, the court held a hearing on the plaintiff's motions pending in *Richter II*, which she failed to attend.  *Id.* - Filing No. 37.  This court dismissed the claims because the "[p]laintiff admits that her Complaint is a second attempt to assert claims against Defendant related to Defendants mishandling of her mail.  As the court previously informed Plaintiff[ ] . . . the United States enjoys sovereign immunity for the negligent transmission of postal matters."  *Richter II* - Filing No. 23 - Memorandum and Order p. 7 (internal citations omitted).  Again, this court reiterated the plaintiff's claims, in absence of sovereign immunity, would have failed because she did not exhaust the administrative remedies for her complaint.  *Id.* at 7-9.

On June 24, 2013, the plaintiff filed her third suit against the defendant in Small Claims Court in Douglas County, Nebraska.  **See *Richter v. United States Postal Service***, No. 8:13CV212 (D. Neb. Nov. 14, 2013) (Richter III) - Filing No. 1-1.  The plaintiff's pleading again focused on the Flybe signature card at issue in *Richter I* and *Richter II*. *Id.*  Additionally, the plaintiff argued she had in fact exhausted her administrative remedies by initiating an October 26, 2011, inquiry, which ceased on

2

January 9, 2012, when she received a copy of the Flybe signature card.  *Id.*; Filing No. 12 - Response ¶ 11.  She also claimed the post office discriminated against her by withholding her mail.  **See** *Richter III* - Filing No. 1-1.  Finally, the plaintiff claimed the defendant violated Domestic Mail Manual (DMM) 508.3.1.1-3 on May 30, 2013, when a postage-less 4056 form ("Your Mailbox Needs Attention" notice), signed by the defendant's employee, was allegedly placed in the mail slot at the plaintiff's home.  *Id.*; Filing No. 12 - Response ¶ 23.

The defendant again removed the lawsuit to this court.  **See** *Richter III* - Filing No. 1.  However, the plaintiff moved to strike the notice of removal because it did not bear a seal from the Douglas County Court.  **See** *Richter III* - Filing No. 14.  This court determined the notice of removal complied with 28 U.S.C. § 1446(a).  **See** *Richter III* - Filing No. 41- Memorandum and Order p. 3.  On the substantive claims, this court ruled even if the alleged inquiry by the plaintiff had taken place, it would not have constituted evidence of administrative exhaustion without a final notice of her claim's denial.  *Richter III* - Filing No. 39 - Order p. 3.  This court dismissed the remaining claims on the same reasoning of *Richter I* and *Richter II*:  the defendant had sovereign immunity and the plaintiff did not exhaust administrative remedies.  *Richter III* - Filing No. 41 - Memorandum and Order p. 5, 8.  Additionally, the claims were barred by collateral estoppel and improperly plead under Federal Rule of Civil Procedure 8.  *Id.*

On February 3, 2014, the plaintiff filed the instant claim against the defendant in Small Claims Court in Douglas County, Nebraska.  **See** Filing No. 6-1.  Using a standard Plaintiff's Claim Form, the plaintiff alleges[1] she is owed $3,500 because:

---

[1] The pleading's exact language:
> On May 30, 2013 at Plaintiff's residence Def. violated statute 508.3.1 the penalty statute being 8.3.1 and 8.3.2.  Defendant in a court declaration submitted May 14, 2013 perjured twice by stating no claim + no inquiry by Plaintiff.  On 10-24-11 Defendant refused to turn over a copy of signature they had from Fly Be to Plaintiff.  Defendant failed to act on Plaintiff's appeals of 7-26-12 and 8-1-12.  Defendant failed to get a D.C. court seal on their SC notice of filing notice of removal on transfer to their court choice.  Evidence tampering, suppression, and cover up of Plaintiff's 2011 inquiry as part of claim for services not rendered.  Mismanagement USPS administration.  administrative mismanagement – slander, endangering Pl's life.  2nd discrimination – unlawful withholding of mail no notice give

**See** Filing No. 6-1.

3

1. On May 30, 2013, the defendant violated DMM 508.3.1.1-3[2] at the plaintiff's residence when an employee deposited a 4056 form not bearing proper postage in her mail slot. **See** Filing No. 12 - Response ¶ 23.

2. On May 14, 2013, the defendant committed perjury by claiming the plaintiff had not initiated a claim or inquiry. In relation to claim six, this claim asserts the defendant was lying in previous lawsuits by stating it had no record the plaintiff had initiated inquires about the Flybe signature with the defendant. **See** Filing No. 12 - Response p. 10.

3. On October 24, 2011, the defendant refused to give the plaintiff a copy of a signature by Flybe. The plaintiff seeks $55.95. **See** Filing No. 12 - Response p. 9. This claim is the same as *Richter I*, *Richter II*, and *Richter III* by facts and reference.

4. The defendant failed to act on the plaintiff's July 26, 2012, and August 1, 2012, "appeals."[3]

5. The defendant failed to get a Douglas County Court seal on its notice of removal. This claim appears to be a reference to her motion to strike notice of removal in *Richter III*.

6. Evidence tampering, suppression, and cover-up of the plaintiff's 2011 inquiry as a part of her claim for services not rendered.

7. Administrative mismanagement of USPS leading to slander and the endangerment of the plaintiff's life. The defendant endangered her life by necessitating she traverse the icy sidewalks to inquire about the cessation of her mail in her eighth claim. **See** Filing No. 12 - Response p. 14.

8. A second instance of discrimination against the plaintiff when the defendant withheld the plaintiff's mail without notice from February 5, 2014, until February 8, 2014. *Id.*

The plaintiff seeks damages of $3,444.05, the maximum amount allowed in Douglas County, Nebraska's Small Claims Court, for the defendant's retaliatory acts

---

[2] The plaintiff's reference to 508.3.1 is clarified by her Motion to Remand (Filing No. 11) and previous court proceedings as a reference to DMM 508.3.1.1-3. **See** *Richter III*.
[3] The plaintiff's fourth claim is uncomprehensible. Since it is unclear what "appeals" the plaintiff refers to, all prior litigation between the parties has concerned the third claim, so, the "appeals" will be considered related to the third claim regarding the Flybe signature card.

against her.  **See** Filing No. 12 - Response p. 9.  The plaintiff does not directly link the damages to any of her other claims but does assert specific instances of retaliation or discrimination by the defendant in several of her claims.  *Id.*

## PROCEDURAL POSTURE

On March 5, 2014, the defendant removed the action to the United States District Court for the District of Nebraska, under 28 U.S.C. §§ 1346(b)(1), 1441(a), and 39 U.S.C. § 409(a).[4]  **See** Filing No. 6 - Notice of Removal.  After removing the case, the defendant filed a motion to dismiss (Filing No. 7) and a brief (Filing No. 9) and index of evidence (Filing No. 8) in support of its motion.  The plaintiff filed a brief in opposition of the motion (Filing No. 12).  The plaintiff then filed an additional brief in opposition of the motion (Filing No. 15) without the court's permission.[5]

On March 17, 2014, the plaintiff filed a motion to remand (Filing No. 11) and a motion to strike the notice of removal (Filing No. 10).[6]  The defendant filed a brief in opposition of both motions (Filing No. 13) and the plaintiff responded to the defendant's brief (Filing No. 14).[7]  In light of the plaintiff's *pro se* status, the court will liberally construe the plaintiff's motion to strike the notice of removal as a motion to remand the case back to state court and consider the plaintiff's reply brief as her initial brief in support of her motions.

---

[4] The initial notice of removal, filed on March 3, 2014 (Filing No. 1), was stricken due to clerical error.  **See** Filing No. 5.

[5] The additional brief in opposition of the motion is procedurally prohibited without the court's permission.  NECivR 7.1(c).  The court finds no reason to consider the response because it merely consists of two case citations that are inapplicable to this case.  Both ***Doe v. McMillan,*** 412 U.S. 306 (1973), and ***Westfall v. Erwin****,* 484 U.S. 292 (1988), are irrelevant because each pertains to a direct lawsuit against a government employee, not a government agency.  Furthermore, ***Westfall*** has been statutorily overturned by the Westfall Act.  **See** 28 U.S.C. § 2679; **see generally** ***Gutierrez de Martinez v. Lamagno***, 515 U.S. 417 (1995).

[6] The parties are reminded that all documents shall comply with the Federal Rules of Civil Procedure and the Civil Rules of the United States District Court for the District of Nebraska.  Any motion submitted to the court:

> [M]ust be supported by a brief filed and served together with the motion.
> The brief must be separate from, and not attached to or incorporated in,
> the motion or index of evidence.  The brief must concisely state the
> reasons for the motion and cite to supporting authority.  A party's failure
> to brief an issue raised in a motion may be considered a waiver.

NECivR 7.1(a)(1)(A).

[7] The plaintiff should note "[i]f the moving party does not file an initial brief, it may not file a reply brief without the court's leave."  NECivR 7.1(c).

For the reasons set forth below, the undersigned magistrate judge recommends the plaintiff's Motion to Remand and Motion to Strike Defendant's Notice of Filing Notice of Removal be denied.[8]  Additionally, the undersigned magistrate judge recommends the defendant's motion to dismiss be granted.

## ANALYSIS

**A.    Motion to Remand**

The plaintiff argues the state court has original jurisdiction over her claims because the claims resulted from her interactions with the defendant's Elmwood Branch, which operates and is located solely in Douglas County, Nebraska, and allegedly receives no direct support from tax payers.  **See** Filing No. 11 - Motion to Remand; Filing No. 14 - Response p. 1.  Furthermore, the plaintiff alleges her claims deal with contract violations, discrimination, and trespass which do "not involve postal service matters" and, therefore, are not subject to 28 U.S.C. § 1346(b)(1) or 39 U.S.C. § 409(a).  **See** Filing No. 11 - Motion to Remand; Filing No. 14 - Response p. 1-2.  Accordingly, the plaintiff believes this court should remand her action to state court.  **See** Filing No. 11 - Motion to Remand.  The defendant reiterates this court has original jurisdiction of this action under 28 U.S.C. § 1346(b)(1) and 39 U.S.C. § 409(a), and the removal was proper pursuant to 28 U.S.C. § 1441(a).  **See** Filing No. 13 - Brief p. 1.

---

[8] The court is entering this Findings and Recommendation despite the split of authorities over whether a magistrate judge may rule on a motion to remand.  **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts"), *Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008), *Stefanik v. City of Holyoke*, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970, at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge).  In *Vogel*, the court concluded:
> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion.  Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss.  The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517.  **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D. N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A).  On the other hand, every appellate court to consider the issue has determined a remand to be the functional equivalent of a dispositive order, and, therefore, beyond a magistrate judge's authority.") (collecting cases).  The undersigned magistrate judge concludes a recommendation is the most appropriate course of action in this matter.

The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand[.]"  ***Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.***, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted).

Under 28 U.S.C. § 1346(b)(1), titled "United States as defendant,"

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]

28 U.S.C. § 1346(b)(1); **see also** *Levin v. United States*, 133 S. Ct. 1224, 1228 (2013).  "[W]hile the extent of the United States'[s] liability under the FTCA is generally determined by reference to state law, the adjudicatory capacity over such claims is strictly limited to the various federal district courts."  ***Mader v. United States***, 654 F.3d 794, 797 (8th Cir. 2011) (internal quotation and citation omitted) (second alteration in original).

Under 39 U.S.C. § 409(a), titled "Suits by and against the Postal Service,"

> [T]he United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service.  Any action brought in a State court to which the Postal Service is a party may be removed to the appropriate United States district court under the provisions of chapter 89 of title 28.

39 U.S.C. § 409(a).  "It is hard to see how any question could be raised about the meaning of these words.  They are a clear and unequivocal grant of jurisdiction to the district courts."  ***Cont'l Cablevision of St. Paul, Inc. v. U.S. Postal Serv.***, 945 F.2d 1434, 1437 (8th Cir. 1991).

The plaintiff's complaint includes allegations solely against USPS.  **See** Filing No. 6-1 - Small Claims Compliant.  All branches of the USPS are federally funded and

7

accountable to the USPS. 39 U.S.C. § 409(a) provides a valid basis for removal because USPS is named as the defendant, regardless of the substance of the claims. Additionally, 28 U.S.C. § 1346(b)(1) provides the only waiver of sovereign immunity the plaintiff's tort claims could succeed under, but grants jurisdiction of those claims to federal district courts. Therefore, this court has subject matter jurisdiction over any actions including USPS and removal is appropriate. Accordingly, the motion to remand should be denied.

**B.     Motion to Strike**

The plaintiff's Motion to Strike Filing Notice of Filing Notice of Removal is another attempt to remand this case to state court. **See** Filing No. 10 - Motion to Strike. The plaintiff argues the Notice of Removal should be stricken because it bears neither a "by the court signature" nor the number of pages of the notice.[9] *Id.*; Filing No. 14 - Reply p. 2. The defendant argues this court lacks jurisdiction to strike a notice filed with the state court, and it properly filed the Notice of Removal with this court. **See** Filing No. 13 - Response p. 1.

Under 28 U.S.C. § 1446(a), titled "Procedure for removal of civil actions,"

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and ***containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action***.

28 U.S.C. § 1446(a) (emphasis added). After reviewing the Notice of Removal and attached documents, it appears the defendant complied with the requirements set forth in 28 U.S.C. § 1446(a).

To the extent the plaintiff filed her Motion to Strike under Rule 12(f), which provides a mechanism for the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), the court finds no basis to strike the Notice of Removal or any portion of it. **See *Stanbury Law Firm v.***

---

[9] The Notice of Removal has page numbers on each page except the first, which is common practice. **See** Filing No. 6.

8

*IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) ("Despite [the court's] broad discretion [in deciding whether to strike a party's pleadings], striking a party's pleadings is an extreme measure, and, as a result, we have previously held that [m]otions to strike under [Fed. R. Civ. P. 12(f)] are viewed with disfavor and are infrequently granted.") (internal quotation omitted); **see also** *Lunford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (stating a motion to strike is denied if the content sought to be stricken "is sufficient as a matter of law"). The defendant properly removed this action to federal court. Therefore, the motion to strike should be denied.

C.   Motion to Dismiss
   1.   Rule 12(b)(1)

A party may assert the "lack of subject-matter jurisdiction" as a defense to a claim through a motion to dismiss. Fed. R. Civ. P. 12(b)(1). "Because jurisdiction is a threshold issue for the court, the district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993) (internal quotation omitted). "A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)." *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637, n.4 (8th Cir. 2003) (internal quotation omitted). Accordingly, when considering a motion to dismiss the court may take judicial notice of judicial opinions and public records. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005); **see also** *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (including "the court's own records of prior litigation closely related to the case before it"); *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 2011 WL 6026123, at *1 (N.D. Iowa Dec. 2, 2011) ("such as the docket and pleadings of pending judicial proceedings, pursuant to Rule 201 of the Federal Rules of Evidence.").

For the court to dismiss for lack of subject matter jurisdiction under 12(b)(1), "the complaint must be successfully challenged [either] on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful [only] if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.* However, in "a factual attack on

9

the jurisdictional allegations of the complaint the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Id.* (emphasis omitted). In a factual challenge, this court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." **Osborn v. United States**, 918 F.2d 724, 730 (8th Cir. 1990). "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." *Id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.*

The defendant alleges the plaintiff's claims lack subject matter jurisdiction because the defendant has not waived its sovereign immunity. **See** Filing No. 9 - Brief p. 1. Additionally, the plaintiff failed to satisfy the administrative remedies requirement of the FTCA, and jurisdiction over some of the claims has been statutorily allocated to the Postal Regulatory Commission. *Id.* at 1, 15.

a.   **Sovereign Immunity**

The defendant contends it retains sovereign immunity because the plaintiff's claims are within the postal matter exception to FTCA's waiver of sovereign immunity. **See** Filing No. 9 - Brief p. 12. Additionally, the defendant argues the plaintiff's first and eighth claims are within the Postal Regulatory Commission's exclusive jurisdiction over delivery claims. *Id.* at 14. The plaintiff asserts the FTCA does not apply because she did not raise the Act in her pleading and her claims do not involve postal matters, only state law tort claims. **See** Filing No. 12 - Response p. 10-11, 18. Furthermore, the plaintiff argues sovereign immunity violates her constitutional right to grievance against the government. *Id.* at 12.

"Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued." **Miller v. Tony & Susan Alamo Found.**, 134 F.3d 910, 915 (8th Cir. 1998). Sovereign immunity not only protects the United States from liability: it deprives the court of subject matter jurisdiction over the claims against it. **See United States v. Mitchell**, 445 U.S. 535, 538 (1980). Accordingly, sovereign immunity bars a plaintiff's claim for monetary damages against the United States, its agencies, and its officers in their official capacities. **See**, **e.g.**, **F.D.I.C. v. Meyer**, 510 U.S. 471, 475 (1994); **United States v. Sherwood**, 312 U.S. 584, 586 (1941). USPS

10

is "an independent establishment of the executive branch of the Government of the United States," with "significant governmental powers," and, therefore, "enjoys federal sovereign immunity absent a waiver." *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011) (internal quotation omitted).

The United States' "consent [to waive sovereign immunity] must be unequivocally expressed in statutory text, and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller*, 134 F.3d at 915 (citations omitted). A waiver of sovereign immunity can neither be implied nor enlarged beyond the statutory language authorizing it. See *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983). The FTCA provides a limited waiver of the United States' sovereign immunity. See 28 U.S.C. § 1346(b)(1). It gives federal district courts "exclusive jurisdiction" over claims against the United States for money damages involving "injury or loss of property caused by the negligent or wrongful act or omission" of federal employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* However, Congress provided certain exceptions to this limited waiver for tort claims filed against the United States. 28 U.S.C. § 2680(b). One of these exceptions is known as the "postal matter" exception. *Id.* In this exception, the United States expressly retained its sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.*

Additionally, the district courts have original, but not exclusive jurisdiction over matters brought by or against the defendant. 39 U.S.C. § 409(a). Congress enacted 39 U.S.C. § 3662 to shift some authority from the district courts to the Postal Regulatory Commission, by revoking the district court's jurisdiction over postal rates and services. *Lemay v. U.S. Postal Service*, 450 F.3d 797, 799-800 (8th Cir. 2006). The Postal Regulatory Commission has exclusive jurisdiction to hear complaints regarding postal rules and regulations within USPS's statutory functions, and certain other matters. 39 U.S.C. §§ 401(2), 3662(a). Moreover, the Postal Regulatory Commission may prescribe the form and manner to address such complaints. 39 U.S.C. § 3662(a). In effect, the Postal Regulatory Commission gives a "means to redress a disaffected party's concerns about postal rates and services." *Lemay*, 450 F.3d at 800. Because Congress, through this statute, gave exclusive jurisdiction to the Postal Regulatory

Commission over complaints involving postal services, a federal district court lacks subject matter jurisdiction "over commonplace service complaints." *Id.* at 800-801.

The plaintiff's argument sovereign immunity violates her constitutional right is misguided. The constitution has never been interpreted to give an individual the right to sue the government for monetary damages without Congress' express consent. The plaintiff may not have claimed the waiver to sue the government came from the FTCA, but she does not assert any other authority to support her claims. There is no other waiver from Congress that would allow the plaintiff's suit, so, her claims must be analyzed through the FTCA.

This court dismissed the plaintiff's prior complaints because the defendant was entitled to sovereign immunity for claims relating to the mishandling of the plaintiff's Flybe signature card. ***Richter I*** - Filing No. 23 - Memorandum and Order p. 3-5; ***Richter II*** - Filing No. 39 - Memorandum and Order p. 6-7; ***Richter III*** - Filing No. 41 - Memorandum and Order p. 5. Similarly, the defendant retains its sovereign immunity over the plaintiff's third claim the defendant mishandled her Flybe signature card. Additionally, through 28 U.S.C. § 2680(b), the defendant retains sovereign immunity over the plaintiff's second, fourth, fifth, and sixth claims because each arises out of the alleged miscarriage of the plaintiff's Flybe signature.

The plaintiff's remaining claims, however, are not within the postal matter exception because the claims do not meet the narrow construction of the United States' waiver of sovereign immunity in the FTCA. DMM 508.3.1.2 provides "Door slots . . . are *not* private mail receptacles for the standards for mailable matter not bearing postage found in or on private mail receptacles." The notice placed in the plaintiff's mail slot was an official notice from the local post office, and, for the purposes of this case, the court will assume the notice was not mailable matter. The defendant exists mainly for the purpose of delivering mail to individuals' mail receptacles. Accordingly, the defendant preserves, at the least, an implied power to maintain regulations over these mail receptacles to facilitate the efficient execution of its duty. If the defendant was unable to use notices to inform individuals of their non-compliance to these regulations, the defendant would be severely hampered in the execution of its duty. Therefore, the plaintiff's first claim is not a wrongful act under the FTCA's waiver of sovereign immunity.

The plaintiff's factual basis fails to qualify her seventh or eighth claims within the narrow waiver of subject matter jurisdiction. For the plaintiff's claim of discrimination to qualify for the FTCA's waiver of sovereign immunity, the plaintiff must show an injury or loss of property actually occurred. Through the broad consideration for determining whether jurisdiction exists, this court finds no allegation or evidence the plaintiff was either injured by the delay in receiving her mail or the plaintiff actually had any mail to be delivered in the alleged time period at all. Furthermore, if the postal service did not deliver mail to the plaintiff for the reason she alleges she was told, her mail slot was inaccessible due to snow, then the defendant's actions were justified.

Additionally, the plaintiff's first and eighth claims are both complaints involving postal services within the exclusive jurisdiction of the Postal Regulatory Commission, which provides additional support this court lacks subject matter jurisdiction over the first and eighth claims.

### b. Administrative Remedies

The defendant argues the plaintiff failed to exhaust the administrative remedies required to bring suit under the government's waiver of sovereign immunity in the FTCA. Filing No. 9 - Brief p. 13. The plaintiff asserts she has exhausted her administrative remedies as evidenced by her eventual receipt of the Flybe signature card she inquired about. **See** Filing No. 12 - Response ¶ 10.

Before a plaintiff may bring an action under the FTCA, she must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in 28 U.S.C. §2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

This court has previously found the plaintiff did not initiate a proper inquiry into her Flybe signature claim with the defendant, despite receiving an extension of time to

do so. ***Richter II*** - Filing No. 39 - Memorandum and Order p. 7-8. Furthermore, this court has previously found the alleged inquiry the plaintiff did initiate on the Flybe signature claim would not satisfy the requirements of administrative exhaustion of available remedies because she did not obtain a final notice of denial. ***Richter III*** - Filing No. 39 - Order p. 3. The plaintiff has neither produced any written denial of claims indicating she has followed the procedure to exhaust the administrative remedies for her new claims nor has she claimed she did. Therefore, even if there were a waiver of sovereign immunity over any of the plaintiff's claims, the claims would still fail to obtain subject matter jurisdiction in this court under the FTCA.

### 2. Rule 12(b)(6)

Although the court concludes the plaintiff's claims lack subject matter jurisdiction, the court will analyze and make recommendations on the Rule 12(b)(6) issues as well. The defendant argues the plaintiff's claims should be dismissed under Rule 12(b)(6) because of collateral estoppel and the plaintiff's pleading was improper under Rule 8. **See** Filing No. 9 - Brief p. 1.

A plaintiff's "failure to state a claim upon which relief can be granted" in their pleading is grounds for dismissing her case. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court may begin by identifying claims not entitled to the assumption of truth because they are no more than conclusions. **See *Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007). Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." ***Ashcroft v. Iqbal***, 556 U.S. 662, 679 (2009).

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Id.*** at 678 (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Id.*** at 663. "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a sheer possibility." ***Braden v. Wal-Mart Stores, Inc.***, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted).

14

However, unlike a probability requirement, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id.* (internal quotation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task" requiring the court "to draw on its judicial experience and common sense." **Ashcroft**, 556 U.S. at 679.

When considering a *pro se* plaintiff's pleading, allegations must be construed liberally. See **Burke v. North Dakota Dep't of Corr. & Rehab.**, 294 F.3d 1043, 1043-44 (8th Cir. 2002). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Atkinson v. Bohn**, 91 F.3d 1127, 1128 (8th Cir. 1996) (citation omitted) (alteration in original). However, *pro se* plaintiffs still must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. **Bell Atlantic Corp.**, 550 U.S. at 569-70; **see Ashcroft**, 556 U.S. at 680. In light of the liberal construction given to *pro se* plaintiff's pleadings, the court will consider the plaintiff's brief in opposition (Filing No. 12) to the defendant's motion to dismiss, as it is the only factual support the plaintiff has supplied for her claims.

### a. Issue Preclusion

The defendant contends claims one, three, and eight should be precluded in this case because each was found to lack subject matter jurisdiction in *Richter I*, *Richter II*, and/or *Richter III*. See Filing No. 9 - Brief p. 18-19. Additionally, the defendant argues claims two, four, six, and seven should be dismissed because they are dependent on the plaintiff's other claims and also collaterally estopped. *Id.* Finally, the defendant argues claim five is precluded because it was fully litigated and settled in *Richter III*. *Id.* at 20. The plaintiff argues her claims are not estopped by issue preclusion because her claims are not word-for-word identical to her claims in prior proceedings and she has asserted additional claims new to this proceeding. **See** Filing No. 12 - Response ¶ 14.

"Collateral estoppel, or issue preclusion, precludes relitigation of identical *issues of fact*." See *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 669 (8th Cir. 2006) (emphasis added). Issue preclusion has five elements:

> (1) the party sought to be precluded in the second suit must have been a party . . . to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Sandy Lake Band of Miss. Chippewa v. United States*, 714 F.3d 1098, 1102-1103 (8th Cir. 2013). While a court's "dismissal for lack of subject matter jurisdiction does not adjudicate the merits of the claims asserted, it does adjudicate the court's jurisdiction." *Id.* at 1103. "[C]ollateral estoppel can bar relitigation of an issue even if the first court's eventual decision is that it lacks jurisdiction to reach the merits." *Dodson v. University of Ark. for Med. Sciences*, 601 F.3d 750, 762 (8th Cir. 2010); see *Watkins v. United States*, 2003 WL 1906176 (N.D. Ill. April 17, 2003) (employing the principal of collateral estoppel to bar subsequent litigation through the FTCA against a USPS employee for allegedly stealing or tampering with the plaintiff's mail because the preceding suit was dismissed for lack of subject matter jurisdiction, under 28 U.S.C. § 2680(b)). "[D]ismissal based on a lack of jurisdiction precludes a second action on the same claim unless the justiciability problem can be overcome." *Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Homestake*, 722 F.2d 1407, 1411 (8th Cir. 1983) (internal quotation omitted).

The plaintiff's argument her claims cannot be precluded because they are not word-for-word identical is misguided. Claims *only* need to be based on the same *issue of fact*. If the plaintiff seeks relief on the same factual basis as her prior claims, the plaintiff's claims will be collaterally estopped from being considered by the court. The plaintiff's second, third, fourth, and sixth claims merely allege the same basis of recovery for $55.95 in damages due to the plaintiff's inability to obtain a Flybe signature card as in *Richter I*, *Richter II*, and *Richter III*. The prior cases were dismissed because this court lacked subject matter jurisdiction to hear the claims, and the plaintiff failed to exhaust administrative remedies by valid and final judgment. *Richter I* - Filing

16

No. 23 - Memorandum and Order p. 4-6; ***Richter II*** - Filing No. 39 - Memorandum and Order p. 7-8; ***Richter III*** - Filing No. 41 - Memorandum and Order p. 5-6. The Flybe signature card was the predominate issue in each preceding case, and the alleged inquiry was litigated as a major issue in ***Richter II*** and ***Richter III***. The plaintiff has produced no additional facts to show either she can overcome the defendant's sovereign immunity or her alleged inquiry resulted in a final judgment by the appropriate agency. The fifth claim regarding the removal of the preceding case between these parties is also issue precluded. The objection was raised in ***Richter III*** by a motion to remand and the motion was denied on its merits after briefing by the parties. ***Richter III*** - Filing No. 41 - Memorandum and Order p. 3.

The plaintiff's first, seventh, and eighth claims are separate causes of actions have are not subject to collateral estoppel. Accordingly, the court will analyze these claims under Rule 8(a).

### b. Rule 8(a) Pleading Requirements

The defendant argues the plaintiff's pleading fails to identify any facts or legal basis upon which relief can be granted as required by Rule 8(a)(2). **See** Filing No. 9 - Brief p. 20. While the plaintiff does not directly respond to this argument, she argues she should not be governed by the procedures of a court she did not file her claim in. **See** Filing No. 12 - Response p. 9. However, the plaintiff's complaint was properly removed to this court by the defendant, and the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1).

"A pleading that states a claim for relief must contain[ ] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." ***Bell Atlantic Corp.***, 550 U.S. at 545 (citation and alterations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." ***Id.*** at 555 (internal quotations and original alterations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." ***Ashcroft***, 556 U.S. at 678 (internal quotation omitted). At the very least, the complaint must "contain facts which state a

claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).

The plaintiff's first claim, the defendant's agent violated DMM 508.3.1.1-3, may be liberally construed as connected to the damages for retaliation by harassment or trespass. While the claim is conclusory, the supplemental facts in the plaintiff's response (Filing No. 13) allow the court to consider factual assertions in regard to trespass but not for harassment. The claim provides the defendant with notice of what is being argued and liability as a matter of law. However, based on the context of this case, the court cannot make a reasonable inference of the defendant's liability. The defendant has the implied power to deliver official notices along with mailable material. **See** discussion **supra** Part III(C)(1)(a).

The plaintiff's seventh claim contains two separate tort claims. Despite a liberal consideration of the plaintiff's response (Filing No. 13), the alleged slander amounts to a legal conclusion and the claim provides no notice of its basis or possibility of success. While the plaintiff's claim the defendant endangered her life contains more facts, it too merely concludes liability and causation. The plaintiff does not provide adequate facts to support a reasonable inference of the defendant's liability.

The plaintiff's eighth claim also fails to satisfy the requirements of Rule 8(a)(2). Even accepting the plaintiff's allegation she received no mail for three days does not allow a reasonable inference her mail was withheld or she was discriminated against. Furthermore, she makes no statement as to any sort of entitlement to relief she is owed for the delay in her mail.

Finally, although, as discussed above, the plaintiff's second through sixth claims are collaterally estopped, this court finds the plaintiff's claims also fail to satisfy the Rule 8(a)(2) standard because the plaintiff has not plead sufficient facts to show she is entitled to relief.[10]

## CONCLUSION

The undersigned magistrate finds the defendant's removal to this court is procedurally proper. Furthermore, the plaintiff's claims should be dismissed because the defendant's sovereign immunity deprives this court of subject matter jurisdiction.

---

[10] The plaintiff's fourth claim is also conclusory and fails to provide sufficient factual assertions.

Even assuming sovereign immunity is waived in this case, the undersigned magistrate recommends this court lacks subject matter jurisdiction because the plaintiff has not exhausted her administrative remedies under the FTCA and the plaintiff's first, seventh, and eighth claims are under the exclusive jurisdiction of the Postal Regulatory Commission. Furthermore, the plaintiff's second through sixth claims are barred by collateral estoppel. Finally, each of the plaintiff's claims fail to satisfy the pleading requirements of Rule 8(a). Accordingly,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

1. The plaintiff's Motion to Strike Defendant's Notice of Filing Notice of Removal Document (Filing No. 10) be denied.
2. The plaintiff's Motion to Remand (Filing No. 11) be denied.
3. The defendant's Motion to Dismiss (Filing No. 7) be granted.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 16th day of July, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge